UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT OLIVER

      VS.                                CA: 19-cv-578WES-PAS

JPMORGAN CHASE BANK, N.A.

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, by his attorney, moves this Court as follows:

1. Plaintiff, Robert Oliver ("Oliver") is a resident of the State of Rhode Island with an address of 56 Naomi Street, Bristol. He owns and reside in this property as his only residence.

2. Plaintiff executed a mortgage to Chase Bank USA, N.A. on February 28, 2007. A copy is attached as Exhibit A.

3. Defendant, JPMorgan Chase Bank, N.A. ("Chase") claims to be the current loan servicer for the mortgage.

4. Chase is a loan servicer and is a National Bank. Chase, claims to own the mortgage and note.

5. However, it has never been assigned the mortgage.

6. Harmon Law Offices, P.C. ("Harmon") is a law firm located in the state of Massachusetts. It claims to represent Chase.

7. A foreclosure sale for his home has been scheduled on October 30, 2019 at 12:00 PM. supposedly on behalf of Chase. A copy of the purported Notice of Sale is attached as Exhibit B.

1

8.     Chase has not sent Plaintiff a notice which complies with the provisions of paragraph 22 and paragraph 19 of his mortgage and has not accelerated the note.  Plaintiff has never been sent a default notice from the owner of the note or any entity, which was sent pursuant to the terms of the mortgage.

9.     Paragraph 22 of the mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

>     **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**
>
>     **If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15.  Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

10.     The provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage.  There was no compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above.

11.     Any alleged exercise of the statutory power of sale to Plaintiff was defective because a default notice and a valid acceleration notice were never sent as required by paragraph 22 of the mortgage. A copy of the purported default letter dated November 7, 2018 is attached as Exhibit C.

12.     This letter did not comply with the terms of the mortgage.

13.      It did not specify an exact date to cure as required by the terms of the mortgage.  Instead it stated that the loan had to be cured by December 12, 2018. The term "by" is defined as on or before and has been interpreted by the Rhode Island Supreme Court to mean on or before a particular date.

14.     This letter indicated that he had to cure the default on or before December 12, 2018, which included dates prior to the thirty days after the date that the letter was deposited into the mail.

15.     The letter did not state a specific amount to reinstate the mortgage note  as required by the mortgage and instead stated:

However the amount required to reinstate may be higher than what is owed under Paragraph 2 above, due to additional fees and charges that we may be entitled to collect under the loan documents and applicable law, including attorney fees related to any foreclosure action we initiate.

15.     This letter also stated:

The past due-amount is detailed below. If applicable, you may be responsible for additional escrow amounts that we may pay from the date of this letter. If you have any questions about the amounts detailed below, please call us as soon as possible.

16.     This language requiring Plaintiff to pay an different amount to be determined after a call to Chase was not permitted by the mortgage.

17.     The letter did not state that failure to cure may result in acceleration and sale.

18.     Instead this letter stated:

**Here's what may happened if you don't cure the default on or before 12/12/2018**

We may require payment of your loan balance in full (accelerate the maturity of the loan by declaring all sums secured by the Security Instrument immediately due and payable. . . .
Begin foreclosure proceedings, and sell the property. If this happens, we may be entitled to collect expenses incurred in pursuing the remedies provided in the Security Instrument, which may include, but not be limited to, allowable foreclosure/attorney fees, and other expenses permitted by your loan documents or applicable law.

19.     Plaintiff was told in this letter that if he did not cure this nonspecific amount a foreclosure proceeding would be filed in Court.

20.     This letter did not tell Oliver that if he did not cure the default that Chase would exercise the statutory power of sale.

21.     Oliver was told later in this letter that only a judicial foreclosure would be filed.

22.     The letter stated that Oliver would be liable for any attorney fees related to any foreclosure action that Chase initiated.

23.     The letter did not accurately state the amount of the arrearage.

24.     It stated that he owed $118.00 of corporate advances as part of the arrearage.

25.     The documents provided to Oliver indicated that Chase charged him for a property preservation fees of $15.00, again on August 31, 2018 totaling $15.00, on June 15, 2018 for $15.00, another miscellaneous expense disbursement on April 18, 2018 in the amount of $78.00 and additional property preservation fees on April 11, 2018 for $15.00 and on February 7, 2018 for $15.00.

26.   No person or entity has performed any property preservation at the home, nor has done any work at his property.

27.   These charges for work which was not performed should not have been included in the default cure amount.

28.   These charges of $118.00 rendered the default amount inaccurate.

29.   This letter also stated that Chase was acting as a debt collector for another entity when it stated:

This is an attempt to collect a debt and any information will be used for that purpose.

30.   The Land Evidence Records of the Town of Bristol indicate that this mortgage has not been assigned to JPMorgan Chase Bank, N.A.

31.   The last assignment of mortgage was assigned to Chase Home Finance, LLC.

32.   Exhibit D is a copy of the promissory note mailed to Oliver by Chase.

33.   This version of the note indicates that Chase Home Finance, LLC executed a blank endorsement of the note on May 23, 2007.

34.   The letter did not indicate on whose behalf the default letter was mailed.

35.   This letter was a computer generated document which was not signed by any person acting on behalf of Chase.

36.   The letter indicated that Oliver had the right to reinstate the loan after acceleration. It provided him directions to make the payment and indicated that if he made six insufficient payments in the past six months that he must pay in certified funds by mail or at a Chase branch bank.

37.   The letter also advise Oliver that he could make the payment online or by a telephone call.

38.     However this letter deceptively did not advise him that the right to cure the arrearage would expire five days before the sale date.

39.     This is not the first time that Chase has mailed Oliver a Notice of Sale, without a valid default letter.

40.     On May 13, 2019, Chase, through Harmon mailed him a Notice of Sale, attached as Exhibit F.

41.     At least 45 days prior to this May 13, 2019, Notice of Sale being mailed, Chase mailed him a Notice of Foreclosure Counseling pursuant to R.I.G.L 34-27-3.1.

42.     A copy of that Notice of Foreclosure Counseling, dated November 7, 2018 was mailed to him for the previous Notice of Sale.

43.     R.I.G.L 34-27-3.1 states:


 (a) No less than forty-five (45) days prior to initiating **any** foreclosure of real estate pursuant to subsection 34-27-4(b), the mortgagee shall provide to an individual consumer mortgagor written notice of default and the mortgagee's right to foreclose by first class mail at the address of the real estate and, if different, at the address designated by the mortgagor by written notice to the mortgagee as the mortgagor's address for receipt of notices.

(b) The written notice required by this section shall be in English and Spanish and, provided the same is then available, shall advise the mortgagor of the availability of counseling through HUD-approved mortgage counseling agencies and, the toll-free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island. The written notice may also contain any other information required under federal law. A form of written notice meeting the requirements of this section shall be promulgated by the department of business regulation for use by mortgagees at least thirty (30) days prior to the effective date of this section. Counseling shall be provided at no cost to the mortgagee.

(c) Failure of the mortgagee to provide notice to the mortgagor as provided herein shall render the foreclosure void, without limitation of the right of the mortgagee thereafter to reexercise its power of sale or other means of

6

foreclosure upon compliance with this section. The mortgagee shall include in the foreclosure deed an affidavit of compliance with this section.

(d) As used herein and in this chapter, the term "HUD" means the United States Department of Housing and Urban Development and any successor to such department. (emphasis added)

44. This statute mandates that any time that before any such Notice of Sale is mailed to a homeowner, the mortgagee must provide the homeowner a separate Notice of Foreclosure Counseling each time at least 45 days prior to the mailing of any Notice of Sale.

45. Oliver has not been provided a Notice of Foreclosure Counseling in conjunction with this Notice of Sale, contrary to the statute.

46. As a result of this failure to comply with R.I.G.L 34-27-3.1, Chase cannot exercise the statutory power of sale and foreclose on his property.

47. The purported Notice of Sale dated August 26, 2018 was actually deposited in the United States mail no earlier than August 28, 2018 as indicated by the Neopost postage.

48. This letter was not mailed by Harmon Law Offices.

49. The postage on the letter indicates that it was mailed from zipcode 89120.

50. That zipcode 89120 indicates that this purported Notice of Sale was mailed in Las Vegas, Nevada.

51. Harmon Law Offices, P.C. does not have an office in Las Vegas, Nevada.

52. The tracking number for this letter is 2100 0902 2003 7200 5261 35.

53. The record of the United States Postal Service regarding the certified mail tracking number 2100 0902 2003 7200 5261 35 is attached as Exhibit H.

54. This USPS record indicates that there is no tracking history for this letter and that this letter was not mailed by certified mail.

55. Oliver was not sent this letter by certified mail, return receipt requested, only by regular mail.

56. R.I.G.L. 34-11-22 requires that a Notice of Sale be mailed by certified mail return receipt requested to the property address in order to exercise the statutory power of sale.

57. The regular mail letter was not mailed by Harmon Law Offices, P.C.

58. Due to this failure to comply with the terms of the mortgage no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Plaintiff's property.

59. The actions of Chase constituted a breach of contract, resulting in damages to the Plaintiff who hired an attorney to commence this case.

60. The mortgage contract between Plaintiff and the mortgagee and its successor or assignee contained an implied covenant of good faith and dealing between the parties so that the contractual obligation of the contract might be achieved.

61. Chase violated the covenant of good faith and dealing by scheduling a foreclosure sale in violation of the terms of the mortgage by seeking to exercise the statutory power of sale without the lender having first sent a default notice to the Plaintiff, which contained language required by the terms of the mortgage, a Notice of Foreclosure Counseling and a Notice of Sale by certified mail.

62. The failure to send these notices and letter pursuant to the terms of the mortgage and then mailing a Notice of Sale were actions taken contrary to the contractual and statutory obligations of the parties.

63. The failure of the Defendant to comply with the terms of the mortgage renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability to conduct this foreclosure.

64. Plaintiff will be irreparably harmed if the foreclosure sale on October 30, 2019 by Chase proceeds and his home is sold.

65. Plaintiff has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

66. The failure of the Defendant to comply with paragraph 22 and paragraph 19 of the mortgage and R.I.G.L 34-27-3.1 and to mail the purported Notice of Sale by certified mail renders any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability.

67. This demonstrates that Plaintiff has a substantial likelihood of success.

68. Likewise a foreclosure of his property by a party not entitled to foreclose on the property will cause him irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants. Such relief sought by Plaintiff will not disserve the public interest if imposed.

69. Plaintiff resides at the property and can qualify for a loan modification.

70. Chase on October 10, 2019 mailed Plaintiff a loss mitigation application for a loan modification, but told him that any foreclosure sale would not be cancelled.

71. The interest bearing principal balance of this mortgage is $93,147.26.

72. The total obligation due to Chase is less than $150,000.00.

73. The assessed value of his home by the Town of Bristol is $202,800.00.

74. Plaintiff owns $50,000.00 of equity in this property.

75. The failure to comply with R.I.G.L 34-27-3.1 regarding this Notice of Sale will not preclude Chase from sending a new notice of sale after it

9

complies with the foreclosure counseling statute and when it mails a default letter in compliance with the terms of the mortgage.

76. Plaintiff has requested that this Court Temporarily Restrain and Enjoin and Preliminarily Restrain and Enjoin Chase and any other entity acting on their behalf from conducting or continuing or advertising a foreclosure sale on October 30, 2019 or at any other time until there has been compliance with R.I.G.L 34-27-3.1 and the terms of the mortgage.

77. Harmon Law Offices, P.C. has been notified of this Motion by notice to an attorney attorney at that firm, Sarah Crocker.

78. She advises that Chase opposes this Motion, but that no attorney from Harmon Law Offices, P.C. will appear at the hearing to file an opposition.

WHEREFORE, Plaintiff moves that this Court:

a. Grant a Temporary Restraining Order Restraining and Enjoining Chase or any other entity acting on their behalf from conducting, advertising or continuing a foreclosure sale at 56 Naomi Street, Bristol, Rhode Island, Rhode Island pending a hearing on a Preliminary Injunctionn.

b. Grant a Preliminary Injunction Restraining and Enjoining Chase or any other entity acting on their behalf from conducting, advertising or continuing a foreclosure sale at 56 Naomi Street, Bristol, Rhode Island, Rhode Island until further Order of this Court.

c. Award the Plaintiff actual damages and compensatory damages and legal fees and costs against the Defendant for scheduling a foreclosure without complying the terms of the mortgage

d. Grant all other just and proper relief.

                                                  ROBERT OLIVER
                                                  By his Attorney

October 29, 2019                        /s/ John B. Ennis
                                                  JOHN B. ENNIS, ESQ. #2135
                                                  1200 Reservoir Avenue
                                                  Cranston, Rhode Island 02920
                                                  (401) 943-9230
                                                  Jbelaw75@gmail.com