# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT OLIVER, | |
| Plaintiffs, | CA No. 1:19-cv-578-WES-PAS |
| v. | March 23, 2020 |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Plaintiff Robert Oliver ("Oliver" or "Plaintiff"), through counsel, filed a Complaint claiming that Defendant JPMorgan Chase Bank, N.A. ("Chase") breached a mortgage loan contract with Oliver by failing to satisfy one or more conditions precedent to acceleration and foreclosure. The Complaint seeks an injunction restraining the foreclosure sale until Chase complies with the terms of the mortgage and R.I.G.L. § 34-27-3.1, and requests damages and attorneys' fees.

The action should be dismissed. Chase satisfied the conditions precedent to accelerate and foreclose as a matter of law, because the notice of default it sent to Oliver strictly complied with all contractual notice requirements. Additionally, Oliver's Section 34-27-3.1 claim fails to state a plausible claim for relief because Chase sent a fully compliant notice.

## I. HISTORY

On October 29, 2019, Plaintiff filed a Complaint in the United States District Court for the District of Rhode Island challenging Chase's noticed foreclosure sale. *See* ECF No. 1. That

same day, Plaintiff also moved for and obtained a Temporary Restraining Order restraining the foreclosure sale noticed for October 30, 2019. *See* ECF No. 4 and Minute Order.

## II. ALLEGATIONS OF THE COMPLAINT[1]

The Complaint alleges that on February 28, 2007 Oliver executed a note ("Note") and mortgage ("Mortgage") "in favor of Chase Bank USA, N.A. as mortgagee acting solely as nominee of Lender." Compl. ¶ 2. To secure repayment of the $204,000.00 debt, Oliver executed the Mortgage granting the Lender a security interest in the property located at 56 Naomi Street, Bristol, RI 02809 (the "Property"). *Id.*¶ 1; *see also* Exhibit A, Mortgage. Chase attaches a copy of the recorded Mortgage as Exhibit A. The Mortgage was recorded in the Town of Bristol Clerk's Office Land Evidence Records on March 6, 2007 in Book 1360 at Page 208. Exhibit A. Chase Bank USA, N.A. assigned the Mortgage to JPMorgan Mortgage Acquisition c/o Chase Home Finance LLC-CA on or about August 27, 2007, and the assignment was recorded in the Town of Bristol Clerk's Land Evidence Records on September 20, 2007, in Book 1395 at Page 247 ("2007 Assignment"). Chase attaches a copy of the 2007 Assignment as Exhibit B.[2]

---

[1] Chase sets forth the facts as alleged in the Complaint, supplemented by information contained within uncontested documents that have merged with the Complaint or that appears in public records. Chase does not admit and reserves the right to challenge Plaintiff's factual assertions in any later pleading or proceeding.

[2] This Court may consider the Mortgage and Assignment without converting this motion into one for summary judgment. "[I]n a case with claims arising from a mortgage, it is generally accepted that 'the Court . . . can take judicial notice of . . . the underlying mortgage documents.'" *Pimental v. Wells Fargo Bank, N.A.*, CA No. 14-cv-494-S, 2015 WL 5243325, at *4 (D.R.I. Sept. 4, 2015) (quoting *Chestnut v. Wells Fargo Bank, N.A.*, No. 10-CV-4244 (JS)(ARL), 2011 WL 838914, at *1 n. 1 (E.D.N.Y. Mar. 2, 2011) (omissions in original)), *report and recommendation accepted*, C.A. No. 14-cv-494-S, 2016 WL 70016 (D.R.I. Jan. 6, 2016). Moreover, the Mortgage and Assignment are publicly recorded documents on the land records. *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993) (recognizing that "official public records" and "documents sufficiently referred to in the complaint" may be considered on a Rule 12(b)(6) motion).

JPMorgan Mortgage Acquisition c/o Chase Home Finance LLC-CA assigned the Mortgage to Chase Home Finance LLC on or about December 8, 2008, and the assignment was recorded in the Town of Bristol Clerk's Land Evidence Records on December 15, 2008 in Book 1462 at Page 56 ("2008 Assignment"). Chase attaches a copy of the 2008 Assignment as Exhibit C.

After Oliver defaulted on his Mortgage payments, Chase sent him the Notice of Default at the Property's address. A copy of the Notice of Default is attached as Exhibit D.[3] On November 7, 2018, the same day Chase sent the Notice of Default, Chase sent Oliver a Notice of Default and Mortgagee's Right to Foreclose and Notice of Availability of Mortgage Counseling Services pursuant to R.I.G.L. § 34-27-3.1 ("Notice of Foreclosure Counseling"). A copy of the Notice of Foreclosure Counseling is attached hereto as Exhibit E. Oliver failed to cure the default, and Chase noticed a foreclosure sale for October 30, 2019.

The Complaint alleges that Chase breached the Mortgage by failing to send Oliver a pre-acceleration notice that complied with Paragraph 22 of the Mortgage prior to foreclosing. *Id.* ¶¶ 8 10--17, 74. According to the Complaint, "any alleged exercise of the statutory power of sale to Plaintiff was defective because notice and a valid acceleration notice were never sent as required by paragraph 22 of the mortgage." Compl. ¶ 12.

Paragraph 22 of the Mortgage provides, in relevant part, that

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured, and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to

---

[3] This court may consider the Notice of Default without converting this motion into one for summary judgment because it is an exhibit to the Complaint.

3

> reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law.

Exhibit A, Mortgage ¶ 22.

The Complaint further alleges that the August 26, 2018 [sic] Notice of Foreclosure Sale was not sent by certified mail by Harmon Law Offices on behalf of Chase. Chase attaches a copy of the Notice of Foreclosure Sale with proof of mailing as Exhibit F.[4]

The Complaint alleges that Plaintiff suffered damages, including charges to the Mortgage account and other financial harm, along with "aggravation, humiliation, embarrassment …," as a result of Chase's putative breach. *Id.* ¶ 63. It seeks damages against Chase for failing to comply with the terms of the mortgage , *id.* p. 10, along with injunctive relief "[r]estraining and [e]njoining Chase or any other entity acting on their behalf from conducting, advertising or continuing a foreclosure sale at [the Property]" pending hearing on a Preliminary Injunction and "[r]estraining and [e]njoining Chase or any other entity acting on their behalf from conducting, advertising or continuing a foreclosure sale at [the Property]" until further Order of this court. *Id.* p. 12. The Complaint also requests awards of "punitive damages" and seeks "legal fees and costs." *Id.* pp. 10, 12.

### III. <u>STANDARD</u>

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Ashcroft v. Iqbal*,

---

[4] This Court may consider the Notices of Foreclosure Sale with proof of mailing as uncontested, integral documents that were specifically referenced in the Complaint and have merged with the Complaint. *See* Section IV. A(1) of this Memorandum of Law, *infra* at 6-7.

4

556 U.S. 662, 677-78 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Sepúlveda-Villarini v. Dep't of Educ. of Puerto Rico*, 628 F.3d 25, 29 (1st Cir. 2010).

## IV. ARGUMENT

### A. THE COMPLAINT FAILS TO SET FORTH A CLAIM FOR BREACH OF CONTRACT BECAUSE THE NOTICE OF DEFAULT STRICTLY COMPLIED WITH THE MORTGAGE'S NOTICE REQUIREMENTS.

According to the Complaint, Chase failed to send Oliver a notice of default that strictly complied with the requirements of Paragraphs 19 and 22 of the Mortgage before accelerating the debt. Compl. ¶ 8; *see also* Compl. ¶ 12.

The Complaint does not allege that Chase failed to send, or that Oliver did not receive, a notice of default. It attacks, rather, the sufficiency of the notice Chase sent. Whether a notice of default complies with a mortgage's requirements is a question of law for the Court. *See Martins*, 14 F. Supp. 3d at 170; *see also Hedco, Ltd. v. Blanchette*, 763 A.2d 639, 643 (R.I. 2000); *Tate v. Peter Charles Reynolds, Inc.*, 622 A.2d 449, 450 (R.I. 1993). As a matter of law, Chase's Notice

5

of Default—which this Court may and should consider on Chase's motion to dismiss—strictly complied with the Mortgage's notice requirements and satisfied any condition precedent to foreclosure.

> **1. This Court should consider the Notice of Foreclose Sale and attendant proof of mailing and the Notice of Foreclosure Counseling on Chase's motion to dismiss.**

This Court may consider the Notice of Foreclosure Sale and Notice of Foreclosure Counseling without converting Chase's motion to dismiss into a motion for summary judgment because when a complaint's factual allegations "revolve around a document whose authenticity is unchallenged," as they do here, "'that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).'" *Young v. Lepone*, 305 F.3d 1, 11 (1st Cir. 2002) (quoting *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)); *see also Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 74 (1st Cir. 2014) (reiterating that on a Rule 12(b)(6) motion a court may consider a document not attached to the complaint where the document's "authenticity" is not challenged, where the document is "central" to the claims, or where the document is "sufficiently referred to in the complaint") (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (internal quotation marks omitted)).

The Complaint is predicated on its allegation that Chase did not satisfy a contractual condition precedent to foreclosure because it did not send the Notice of Foreclosure sale "by certified mail, return receipt requested, only by regular mail" and "due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale." Compl. ¶¶ 55, 58. The Notice of Foreclosure Sale, and its proof of mailing, is undeniably central to this claim. Thus, the Complaint's allegations are "expressly linked to—

and admittedly dependent upon—" the Notice of Foreclosure Sale and proof of mailing. *Beddall*, 137 F.3d at 17.

Similarly, the Complaint references the Notice of Foreclosure Counseling dated November 7, 2018 and alleges that it does not satisfy the requirements of Section 34-27-3.1. Complaint ¶¶ 42-46. Like the Notice of Foreclosure Sale and proof of mailing, the Complaint's allegations are intertwined with the Notice of Foreclosure Counseling.

Finally, the court can consider these documents because the authenticity of Chase's Notice of Foreclosure Sale and Notice of Foreclosure Counseling are not contested. The Complaint expressly references both, thereby expressly incorporating it into the pleading. "[T]he court's inquiry into the validity of [a complaint's] allegations should not be hamstrung simply because the plaintiff fails to append to the complaint the very document upon which by her own admission the allegations rest." *Beddall*, 137 F.3d at 17. Excluding the Notice of Foreclosure Sale along with the proof of mailing and the Notice of Foreclosure Counseling from this Court's consideration of Chase's motion to dismiss would "thwart the consideration of a critical document" or documents and undermine Fed. R. Civ. P. 12(b)(6), which is intended to provide "a swift, uncomplicated way to weed out plainly unmeritorious cases . . . ." *Id.*

### 2. The Complaint fails to allege a cognizable claim that Chase breached the Mortgage.

The Complaint concludes, without alleging any supporting facts, that Chase breached the Mortgage, asserting that "[t]he provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of power of sale of the mortgage. There was no compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above." Compl. ¶ 10. The Complaint further asserts "[a]ny alleged exercise of the statutory power of sale to Plaintiff

7

was defective because a default notice and a valid acceleration notice were never sent as required by paragraph 22 of the mortgage." *Id.* ¶ 11.

The Court should dismiss the Complaint's breach of contract claim because the Notice of Default strictly complied with Paragraph 22 of the Mortgage as a matter of law, and its actual terms trump the Complaint's allegations. *See Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 & 55 n.3 (1st Cir. 2012) (recognizing that documents considered on a motion to dismiss "may trump the complaint's allegations if a conflict exists"); *Martins*, 214 F. Supp. 3d at 169; *Citibank, N.A. for Am. Home Mortg. Assets Tr. 2006-3, Mortg.-Backed Pass-Through Certificates Series 2006-3 v. Glowacki*, No. 12 MISC 469108 (HPS), 2017 WL 4990649, at *8 (Mass. Land Ct. Oct. 31, 2017), judgment entered, No. 12 MISC 469108 (HPS), 2017 WL 5067441 (Mass. Land Ct. Oct. 31, 2017).

The Mortgage requires that "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . inform[ing] Borrower of the right to reinstate after acceleration . . . ." Exhibit A, Mortgage ¶ 22.

The Notice of Default strictly complied with all of Paragraph 22's obligations[5]:

| Mortgage ¶ 22, Exhibit A | Notice of Default, Exhibit D |
| --- | --- |
| The Mortgage requires: "22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured, and (d) that failure to cure the default on or before the date | The Notice of Default, dated November 17, 2018, states that "your loan is in default because we haven't received the required monthly payments starting with the payment due 07/01/2017." The Notice of Default clearly states **"Action required to cure the default:** You must pay the total monthly payments minus suspense $10,683.21 by 12/12/2018 in order to cure this default" and warns "[h]ere's what may happen if you don't cure the default on or before |

---

[5] Plaintiff alleges that the Notice of Default was not signed and does not indicate on whose behalf it was sent. Compl. ¶¶ 33-34. Paragraph 22 of the Mortgage does not require that the Notice of Default be signed or indicate on whose behalf it was sent.

8

| | |
|---|---|
| specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property . . . ." | 12/12/2018[:] we may require payment of your loan balance in full (accelerate the maturity of the loan by declaring all sums secured by the Security Instrument immediately due and payable. . . . [b]egin foreclosure proceedings , and sell the Property" Exhibit D. It sets forth the "total delinquency" as of the date of the demand letter, 11/07/2018, as being in the amount of "11,011.29" and provides for a breakdown of how that total non-payment default figure was arrived at. It further provides four different payment options for how to cure the default." |
| "The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." | The Notice of Default states: "You have the right to reinstate after acceleration of the loan and the right to bring a court action to assert the nonexistence of a default, or any other defense to acceleration, foreclosure, and sale. However, the amount required to reinstate may be higher than what is owed under Paragraph 2 above, due to additional fees and charges that we may be entitled to collect under the loan documents and applicable law, including attorney fees related to any foreclosure action we initiate" |

Additionally, despite Plaintiff's unadorned conclusion to the contrary, nowhere in the Notice of Default does it state that a "judicial foreclosure would be filed." Compl. ¶ 21. Rather, the Notice of Default states that, upon failure to cure the default, Chase has the right to "[b]egin foreclosure proceedings, and sell the Property." Exhibit D. Begin foreclosure proceedings means to invoke the statutory power of sale by noticing the time and place of the foreclosure sale. *See Mendoza v Mortg. Electronic Registration Systems, Inc.*, No. PC-2011-2547, 2016 WL 4159084, at *1 (R.I. Super. Ct. Aug. 01, 2016) ("Foreclosure proceedings were initiated on February 25, 2011 by notice of the time and place of the foreclosure sale. . . .")

9

Finally, Paragraph 19 of the Mortgage does not contain any notice requirements. It just contains certain conditions for the Borrower to meet in order to reinstate after acceleration. *See* Exhibit A, Mortgage ¶ 19.

By sending Oliver a pre-acceleration default notice that included the Mortgage's right to notice requirements, Chase fulfilled the condition precedent to foreclosure that it must strictly comply with the Mortgage's notice requirements, as a matter of law. *See Schatz*, 669 F.3d 50, 55 & 55 n.3; *Glowacki*, 2017 WL 4990649, at *8; *Martins*, 214 F. Supp. 3d at 169.

### 3. The Notice of Foreclosure complied with the statutory power of sale.

Chase sent the Notice of Foreclosure Sale by certified mail. *See* Ex. F. By sending the Notice of Foreclosure Sale by certified mail, Chase complied with R.I.G.L. § 34-11-22, the statutory power of sale, which is incorporated by reference into the Mortgage, as a matter of law. R.I.G.L § 34-11-22; *see* Ex. A, ¶ 22; Exhibit F.

### B. OLIVER FAILS TO ALLEGE VIOLATION OF R.I.G.L. § 34-27-3.1

#### 1. Chase complied with the requirements of R.I.G.L. § 34-27-3.1.

On November 7, 2018, Chase sent Plaintiff a Notice of Availability of Mortgage Counseling Services utilizing the form prescribed by the Department of Business Regulations, Banking Division. *See* Exhibit E. This notice complies with R.I.G.L. § 34-27-3.1, which requires "[n]o less than forty-five (45) days prior to initiating any foreclosure of real estate . . . the mortgagee shall provide to an individual consumer mortgagor written notice of default and the mortgagee's right to foreclose. . . [and] shall advise the mortgagor of the availability of counseling . . . ." R.I.G.L. § 34-27-3.1. With respect to the specific contents of the notice, the statute provides that "[a] form of written notice meeting the requirements of this section shall be promulgated by the department of business regulation for use by mortgagees . . . ." R.I.G.L. § 34-27-3.1(b). The Rhode Island Department of Business Regulation's "Form 34-27-3.1" is accessible on the

Department's website. *See* Exhibit G**,** "Form 34-27-3.1."[6] Because it is part of the Department's regulations, this Court may take judicial notice of Form 34-27-3.1. *See generally Normandin v. Gauthier*, No. Civ.A. 03-6211, 2005 WL 1274350, at *5 (R.I. Super. Ct. May 27, 2005) (Gibney, J.) (taking judicial notice of regulations promulgated by the Rhode Island Department of Environmental Management). The Notice of Default that Chase sent to Oliver *is* the Department's Form 34-27-3.1 with the blank spaces appropriately filled in. The Notice of Foreclosure Counseling, therefore, "meet[s] the requirements" of § 34-27-3.1.

Further, Chase complied with the statute's timing requirement, as the notice was sent no less than 45 days prior to initiating foreclosure. Plaintiff claims, without support, that the Foreclosure Counseling Notice was sent to him for a prior notice of sale and that a new notice must be provided with each successive notice of sale, but that is incorrect. The Notice of Foreclosure Counseling was sent with the Notice of Default on November 7, 2018. *See* Exhibits D and E. The statute does not require that a notice be sent with each foreclosure sale notice, but rather requires the notice be sent with the "written notice of default," as Chase did here.

2. R.I.G.L. § 34-27-3.1 was repealed by the General Assembly.

As set forth above, Plaintiff seeks to hold Chase liable for breach of R.I.G.L. § 34-27-3.1. R.I.G.L. § 34-27-3.1 was repealed by P.L. 2014, ch. 543, § 2, effective October 6, 2014. *See Wilmington Sav. Fund Soc., FSB v. Johnson*, No. PC-2018-0576, 2019 WL 961938, at *2 n.3 ("The requirement for pre-foreclosure counseling has since been repealed. P.L. 2014, ch. 543, § 2.") Chase reserves its rights to argue that the statute was not in effect at the time it provided the Notice of Default, Notice of Foreclosure Counseling, and Notice of Foreclosure Sale.

---

[6] The current version of this Form is available at https://dbr.ri.gov/documents/news/banking/Banking_Bulletin_2018-2.pdf (last accessed March 23, 2020).

### C. THE COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DUTY.

As an initial matter, it is well established that "[t]here can be no claim for a breach of the implied duty of good faith and fair dealing without a parallel breach of contract claim." *Becker v. Indep. Bank*, 305 F. Supp. 3d 351, 361 (D.R.I. 2018). As set forth above, there was no breach of the mortgage contract. Chase complied with the terms of the mortgage and statutory power of sale in sending the Notice of Default and Notice of Sale. Therefore dismissal of Count I is warranted.

Even assuming the Mortgage was breached, which it wasn't, Plaintiff has failed to allege any facts to meet the standard. "The applicable standard in determining whether one has breached the implied covenant of good faith and fair dealing is whether or not the actions in question are free from arbitrary or unreasonable conduct." *Becker v. Indep. Bank*, 305 F. Supp. 3d 351, 361 (D.R.I. 2018) (quoting *Ross–Simons of Warwick, Inc. v. Baccarat*, 66 F. Supp. 2d 317, 329 (D.R.I. 1999))." Here, Plaintiff makes a single conclusory allegation that "Chase violated the covenant of good faith and fair dealing by scheduling a foreclosure sale in violation of the terms of the mortgage by seeking to exercise the statutory power of sale without the lender having first sent a default notice to the Plaintiff, which contained language required by the terms of the mortgage, a Notice of Foreclosure Counseling and a Notice of Foreclosure Sale by certified mail." As set forth above, the notices complied with the terms of the Mortgage and Rhode Island law, and R.I.G.L. § 34-27-3.1 does not apply in this case.

### D. PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF.

Plaintiff seeks both a preliminary injunction and a permanent injunction preventing Chase from exercising the statutory power of sale. This claim must fail. For the reasons set forth above, "Plaintiff will not succeed on the merits of his claims" and is therefore not entitled

to permanent injunctive relief. *Viera v. Bank of New York Mellon as Tr. for Certificate Holders of Cwalt, Inc.*, No. CV 17-0523-WES-PAS, 2018 WL 4964545, at *3 (D.R.I. Oct. 12, 2018). Additionally, his claim for preliminary injunction is moot because this Court issued a TRO restraining the foreclosure sale. *See Id.* ("Plaintiff successfully obtained a TRO enjoining that foreclosure sale and there is no further relief the Court can grant as to that claim. Accordingly, Plaintiff's claim for preliminary injunctive relief is dismissed as moot.) Count II must be dismissed.

## IV. CONCLUSION

For the above reasons, Chase respectfully requests that its motion be granted and that the Complaint be dismissed. The Complaint's defects cannot be cured by amendment. Therefore, Chase requests the dismissal be with prejudice.

Respectfully submitted,

JPMORGAN CHASE BANK, N.A.,

By its attorney,

*/s/ Michael E. Jusczyk*
Michael E. Jusczyk (Bar No. 7791)
mjusczyk@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

## **CERTIFICATE OF SERVICE**

I, Michael E. Jusczyk, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be mailed to those indicated as non-registered participants on March 23, 2020.

/s/ *Michael E. Jusczyk*
Michael E. Jusczyk